UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Boston Safety Training Inc., | ) |
| Plaintiff, | ) Civil Action No.:  23-12850 |
| v. | ) |
| | ) (JURY TRIAL DEMANDED) |
| Greater Boston Safety Training, LLC, | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Boston Safety Training Inc., ("Boston Safety Training" or "Plaintiff"), by and through its undersigned counsel, submit this Complaint for Trademark Infringement against Greater Boston Safety Training, LLC ("Greater Boston" or "Defendant") and allege as follows:

**THE PARTIES**

1. Boston Safety Training Inc. is a Massachusetts corporation with its principal place of business at 197 Plymouth St., Abington, MA 02351-1849.

2. Upon information and belief, Greater Boston Safety Training, LLC is a Massachusetts limited liability company with a principal place of business at 546 Main St., Woburn, MA 01801.

**JURISDICTION AND VENUE**

3. This is a civil action seeking legal and equitable relief for (a) infringement of a registered trademark under the Federal Trademark Act, 15 U.S.C. § 1051 et seq. ("Lanham Act"), particularly 15 U.S.C. § 1125(a).

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over the Defendant based on it being incorporated in the Commonwealth and its substantial activities within the Commonwealth.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391and 1400.

### FACTUAL BACKGROUND

7.      The trade name and trademark "BOSTON SAFETY TRAINING" (the "Boston Safety Training Mark") has been exclusively and widely used by the Plaintiff since 2012 and has garnered a tremendous amount of goodwill and recognition throughout Massachusetts, and nationally in connection with providing courses of instruction in the field of first aid, OSHA industry, electrical safety, workplace safety; and, providing training in the field of first aid, OSHA industry, electrical safety, workplace safety. A copy of an excerpt from Boston Safety Training's website is attached hereto as Exhibit 1.

8.      As a result of its continued use of the mark, the Plaintiff has acquired the sole and exclusive common law rights to use the Boston Safety Training Mark in connection with training and courses in the field of first aid, OSHA industry, electrical safety, and workplace safety in Massachusetts, and throughout the country.

9.      On August 30, 2023, the Plaintiff filed an in-use trademark application with the United States Patent and Trademark Office for the mark "Boston Safety Training" (U.S. Serial No. 98158633) in international class 41 for providing courses of instruction in the field of first aid, OSHA industry, electrical safety, workplace safety; and, providing training in the field of first aid, OSHA industry, electrical safety, workplace safety. A copy of the Boston Safety Training's trademark application from the United States Patent and Trademark Office website is attached hereto as Exhibit 2.

10. Defendant recently adopted the name "Greater Boston Safety Training" ("Greater Boston Safety Training Mark" or "Allegedly Infringing Mark") in connection with training and courses in the field of first aid in Massachusetts. A copy of an excerpt from Greater Boston Safety Training's website is attached hereto as Exhibit 3.

11  Defendant was aware of the Plaintiff and its services offered under the Boston Safety Training Mark when it adopted its Greater Boston Safety Training Mark.

12. Defendant's use of the word "Greater" as part of the Allegedly Infringing Mark merely an area that includes Boston and its surrounding towns.

13. Defendant's use of the geographically descriptive word "Greater" as part of the Allegedly Infringing Marks does not function as an indicator or otherwise assist in identifying the source or origin of the Defendant's services.

14. The Defendant's business is located less than 15 miles from the Plaintiff's.

15. Based on the identical nature of the Parties' services and the close proximity in which they are offered the Plaintiff and Defendant are offering their respective services to identical consumers.

16. It is undisputed that the Plaintiff obtained all rights in the Greater Boston Safety Training Mark prior to the Defendant's adoption and use of its Greater Boston Safety Training Mark.

17. The Defendant has never retained, sought or obtained permission from the Plaintiff to utilize or feature the Greater Boston Safety Training Mark in connection with training and courses in the field of first aid.

18. Due to Plaintiff's widespread recognition the Defendant's adoption of the Greater Boston Safety Training Mark has created actual confusion in the marketplace among potential consumers.

19. Plaintiff became aware of the Defendant's business and adoption of the Allegedly Infringing Mark based on third parties asking if the Defendant was affiliated with the Plaintiff.

20. On or about September 15, 2023, Plaintiff's counsel sent a correspondence to the Defendant demanding that, inter alia, it immediately ceases use of the Greater Boston Safety Training Mark.

21. No response to the letter was provided by Defendant.

22. On or about October 2, 2023, Plaintiff's counsel followed up via email to Defendant. Defendant never responded.

23. The Defendant has willfully continued the infringing acts complained of with conscious disregard of the Plaintiff's rights.

## COUNT I
### (Trademark Infringement - Lanham Act, 15 U.S.C. § 1125(a))

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-23 inclusive, and incorporates them herein by reference.

25. Plaintiff is the owner of the trademark "Boston Safety Training".

26. Through long lasting, continued and extensive use the Boston Safety Training Mark has become exclusively identified with the Plaintiff.

27. Defendant has used in commerce its Greater Boston Safety Training Mark in connection with the advertising and offering of courses and training in first aid in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers with the Plaintiff's Boston Safety Training Mark.

28. Defendant has used in commerce its Greater Boston Safety Training Mark in connection with the advertising and offering of courses and training in first aid in a manner that has resulted in confusion, mistake, and deceived consumers as to Greater Boston Safety Training being associated with, connected to, or sponsored by Boston Safety Training.

29. Defendant's use of the Greater Boston Safety Training Mark is without the permission or authority of the Plaintiff.

30. Defendant's use of the Greater Boston Safety Training Mark has already caused substantial actual confusion in the marketplace between the Plaintiff and Defendant that cannot be undone.

31. Defendant's violation of Plaintiff's rights in its Boston Safety Training Mark is knowing, willful, deliberate, fraudulent, and intentional, and was made with knowledge that such violation would damage Plaintiff and its Boston Safety Training Mark.

32. Defendant's actions have caused confusion, and are likely to continue to cause confusion, mistake or deception, all to Plaintiff's irreparable injury and the Defendant's unjust enrichment and benefit in violation of 15 U.S.C. Section 1114(a)(l) (Section 32 of the Lanham Act).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendant as follows:

  A. A preliminary and permanent injunction ordering Greater Boston Safety Training to immediately cease and desist its use and promotion of the Greater Boston Safety Training Mark, or confusingly similar versions of the Boston Safety Training Mark;

  B. An award of Greater Boston Safety Training's profits realized from selling its services in commerce under the Greater Boston Safety Training Mark, as well as Plaintiff's damages and costs of the action, in accordance with 15 U.S.C. § 1117(a);;

  C. A finding that of Greater Boston Safety Training's actions were intentional, willful and/or deliberate and, based thereon, an award of treble the amounts awarded in subparagraph B, in accordance with 15 U.S.C. § 1117(a);

  D. A finding that this case is exceptional as a result of Greater Boston Safety Training's intentional, willful and/or deliberate actions and, based thereon, an award of Plaintiff's reasonable attorney's fees, in accordance with 15 U.S.C. § 1117(a); and

  E. An order requiring of Greater Boston Safety Training to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements and jewelry products in the possession of Greater Boston Safety Training, its agents and employees, and all those in active concert or participation with them, which bear the of Greater Boston Safety Training Mark, in accordance with 15 U.S.C. § 1118; and,

  F. That the Plaintiff be awarded such other and further relief as this Court deems just and equitable.

Dated: November 22, 2023.

Respectfully Submitted,
Attorney for Plaintiff

By: /s/ Brendan M. Shortell
Brendan M. Shortell (BBO# 675851)
Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110

Telephone: 617.720.0091
Facsimile: 617.720.6307
shortell@lambertpatentlaw.com